Dear Representative Montgomery:
You have requested the opinion of this office regarding the status of Mr. Faulk, the President of the Louisiana School Bus Operators Association, who was recently fired after a tenure hearing held by the Vermilion Parish School Board. He is no longer employed by the school system as a bus operator. You present the following questions for our review:
 1) Since Mr. Faulk was fired effective 4/27/94, can he continue in office as president of the association through the end of his term which is 12/31/94?
 2) Must the executive board vote for Mr. Faulk's removal or was his status as president terminated when his employment was terminated?
 3) May the executive board vote to terminate Mr. Faulk's membership pursuant to R.S. 12:210(H) and R.S. 12:224(E)(2)(d)? If so, is a simple majority vote needed? Are these statutes in conflict with the by-laws of the association? If not, do the cited statutes take precedence over the provisions for removal in Article 130 of the by-laws?
 4) If Mr. Faulk's status as president was not automatically terminated when his employment as a bus operator terminated, is the executive board required to show willful neglect of duties and vote by a 3/4 majority to remove him? What is required to remove him under this provision, mere proof of his termination or a due process hearing with the executive board acting as the hearing tribune?
The Louisiana School Bus Operator's Association is a non-profit corporation existing under the provisions of LSA-R.S. 12:201 et seq. The Association has adopted by-laws which govern its operation, and we have been provided a copy of same by your office.
We respond negatively to your first inquiry. Article 13 Subpart D of the by-laws provides, in pertinent part:
 D. Removal or Resignation of Executive Board Members and Provisions for Replacement for All Vacancies
 Any member of the Executive Board who ceases to be eligible to vote at meetings of the General Assembly shall vacate his membership on the Executive Board.
 Additionally the Executive Board, by three-fourths (3/4) vote taken by secret ballot of all Board members voting, may remove from membership on the Board, any member thereof if it be found as a fact that such member has willfully neglected his/her duties as described in the by-laws of the Association. Any person ceasing to be a member of the Executive Board as foresaid shall also thereby vacate any office which he/she may hold in the Association. (Emphasis added).
Mr. Faulk ceased to be eligible to vote when he lost his status as member of the Association. Membership with the Association is contingent upon certain employments, as defined in Article 6 of the by-laws:
 Any person employed by a parish school board or city school system of the State of Louisiana as school bus operators, bus aides, custodians, janitors, or maintenance personnel may be a member of the Association upon payment of dues.
Based on the foregoing, and in response to your second inquiry, it is our opinion that Mr. Faulk's status as president terminated when he lost his membership status because his employment was terminated. Based on the facts as presented, Mr. Faulk's office was vacated immediately, obviating the need for formal removal action by the board.
In response to your third inquiry, membership with the Association is contingent upon employment as defined in the by-laws, and upon payment of annual dues. See Article 6, quoted above. Failure to retain the qualifications of membership, in our opinion, would render the member ineligible to vote. There would therefore be no necessity for the Board to vote to terminate a member. There is no conflict in this regard with LSA-R.S. 12:210(H), which allows a corporation to exclude from further membership "any member who fails to comply with the reasonable and lawful requirements of the rules and regulations made by the corporation for the government of its members".
Removal for cause from the office on the Executive Board is a separate situation from a vacancy in office because the officer no longer retains the qualifications of membership. Removal is governed by Article 13(D), providing:
 Additionally, the Executive Board, by three-fourths (3/4) vote taken by secret ballot of all Board members voting, may remove from membership to the Board, any member thereof if it be found as a fact that such member has willfully neglected his/her duties as described in the by-laws of the Association. Any person ceasing to be a member of the Executive Board as foresaid shall also thereby vacate any office which he/she may hold in the Association.
State law requires only a simple majority of all the voting members to remove a member from the board. LSA-R.S.12:224(E)(4). The by-laws place a more rigid standard on the removal process, and are therefore controlling over the cited statute.
Any response to the fourth inquiry is rendered moot by the foregoing discussion. Mr. Faulk's office was vacated when he lost membership because of his termination from employment as a school bus operator. Presumably, Mr. Faulk's due process rights were protected during the removal process under authority of LSA-R.S. 17:492.
We hope the foregoing is helpful to you. Should you have further inquires, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
BY: KERRY L. KILPATRICK Assistant Attorney General KLK:ams 0047y